# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | CV F   06 051 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY INJUNCTION (Doc. 19.) |
| v. | |
| TILTON, et. al., | |
| Defendants. | |

Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 27, 2005, in the Sacramento Division of the U.S. District Court for the Eastern District of California. The case was transferred to this Court and received on January 17, 2006.

On July 21, 2006, Plaintiff filed a Motion for Preliminary Injunction alleging that if the injunction is not granted, he will suffer irreparable mental and physical injuries as he alleges that

1

Defendants are retaliating against him for filing inmate grievances.[1]

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

At this juncture, because the Court has not yet had the opportunity to screen the Complaint, it has not determined whether Plaintiff has stated any cognizable claims for relief. Until such time as this determination is made, any request for preliminary injunctive relief is premature. Plaintiff should note further that the Court has before it literally hundreds of cases, many of which require screening as well. The Court proceeds with processing the cases in the order that they are filed. Thus, Plaintiff should be patient and rest assured that the Court will get

---

[1] The Court notes that the allegations in the Complaint do not appear to relate to Plaintiff's basis for his preliminary injunction.

to his case in due course.  At this time, however, Plaintiff is not entitled to any type of preliminary injunction, as the Court lacks jurisdiction to consider and issue such an order.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **TWENTY (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 26, 2006**              /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE