# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | CASE NO. 1:06-cv-00051-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| RODERICK Q. HICKMAN, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | |

**I.     SCREENING ORDER**

    **A.     Screening Requirement**

       Plaintiff, Anthony R. Turner ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  (Plaintiff checked the box indicating this is a <u>Bivens</u> action, yet only named and/or implicated state actors.)  Plaintiff filed this action on December 27, 2005.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious;" that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A court may dismiss a complaint only if it is clear that no relief could be granted under

2    any set of facts that could be proved consistent with the allegations.  Swierkiewicz v. Sorema N.

3    A., 534 U.S. 506, 514 (2002).  "'The issue is not whether a plaintiff will ultimately prevail but

4    whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on

5    the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"

6    Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

7    236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

8    suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

9    262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to

10   a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

11   interpretation of a civil rights complaint may not supply essential elements of the claim that were

12   not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)

13   (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14        **B.        Summary of Plaintiff's Complaint**

15        Plaintiff's complaint is very difficult to decipher.  It is some thirty-eight (38) pages long

16   with one hundred eighty-four (184) pages of exhibits.  Plaintiff's complaint is very poorly

17   organized, written in a combination of typed and handwritten pages – many of which are

18   illegible.  In addition, the typed pages appear to be copies of someone else's complaint that

19   plaintiff has edited/hand-written in various places, and that have faded in the lower left hand

20   corner so as to be illegible.  Plaintiff is an inmate currently housed at Pleasant Valley State Prison

21   and is seeking money damages, injunctive, and other equitable relief.

22        On pages three and four of his complaint, plaintiff names the following defendants:

23   Roderick Q. Hickman (Head Respondeat CDCR and CCPOA Director); Jeanne S. Woodford

24   (Director of CDCR); and Susan Steinberg (Director of Medical Health Care Services for CDCR).

25   However, in his rendition of facts later in the complaint, plaintiff states a number of other

26   possible defendants' surnames and uses phrases such as "Defendants, et al," "Defendant

27   administrative staff," and the like, such that the Court is not sure which defendant(s) plaintiff is

28   claiming engaged in which actions that amounted to violation(s) of plaintiff's constitutional

right(s).

Further, in section "D. Claims" plaintiff lists his claims as violations of his:  (1) "Right to be free of cruel and unusual punishment under the 8th and 14th Amends. of the U.S. Const. and Cal. Const.;" (2) "Right to due process and equal protection of law under the 4th, 5th, 8th, 13th, and 14th Amend of the U.S. Const. and Cal. Const.;" and (3) "Right to be free from false imprisonment, servitude, peonage, without just cause, are and were violations of the 8th Amend. 13th Amend. and the 14th Amends. to the U.S. Const. and Cal. Const. Art. I., Sect. § 1 and § 17(a)." Thereafter plaintiff engages in a rambling, disorganized, rendition of facts (which are not presented in chronological order) which he is apparently asserting as a basis for his three claims. However, it is impossible for the Court to decipher which defendant, based on which facts, plaintiff is alleging violated which of his constitutional rights so as to support his three claims.

## C.      Plaintiff's Section 1983 Claims

Plaintiff may be able to state some claims for relief under section 1983.  However, as pled, the Court is unable to ascertain whether the events complained of by plaintiff rise to the level of constitutional violations.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant, *as briefly as possible*, what action that defendant took or failed to take and why (e.g., to retaliate against plaintiff for litigating in court or for filing inmate grievances).  In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's claims, appear to be applicable.  Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

### 1.      *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

1   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

3   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

4   in another's affirmative acts or omits to perform an act which he is legally required to do that

5   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

6   Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

7   defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

8   federal rights.

9          In order to proceed under section 1983, plaintiff must allege sufficient facts to support a

10   claim that *each* defendant named in the complaint either acted or failed to act in a manner that

11   was adverse to plaintiff and that the defendant did so in retaliation against plaintiff for either

12   litigating in court or filing inmate grievances.  Plaintiff is cautioned that in his amended

13   complaint, he must clearly identify what actions or omissions led to the violation of his rights and

14   which defendants were responsible for the acts or omissions.

15                          **2.    *Retaliation***

16          Plaintiff uses the words "retaliation," "retaliating," and "retaliatory" throughout his

17   complaint.  However, the Court is unable to identify why the defendant actors were allegedly

18   retaliating against plaintiff.

19          Allegations of retaliation against a prisoner's First Amendment rights to speech or to

20   petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

21   (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

22   Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

23   Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

24   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

25   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

26   not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

27   68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file

28   a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d

                                           4

1283, 1288 (9th Cir. 2003).    Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities.  However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

### 3.   *Excessive Force*

Plaintiff appears to be alleging that excessive force was used against him at various times throughout the course of events he states in his complaint.  The court however, is unable to ascertain any specific facts constituting  acts of excessive force in plaintiff's allegations.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation

marks and citations omitted).  The malicious and sadistic use of force to cause harm always

violates contemporary standards of decency, regardless of whether or not significant injury is

evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

Amendment excessive force standard examines de minimis uses of force, not de minimis

injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause

of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments

necessarily excludes from constitutional recognition de minimis uses of physical force, provided

that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal

quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation

of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it

may also be proper to evaluate the need for application of force, the relationship between that

need and the amount of force used, the threat reasonably perceived by the responsible officials,

and any efforts made to temper the severity of a forceful response."  Id. (internal quotation

marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

Amendment inquiry, but does not end it."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

under color of state law and (2) the defendant deprived him of rights secured by the Constitution

or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  An officer

can be held liable for failing to intercede only if he had a "realistic  opportunity" to intercede.

Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).  Plaintiff has not alleged specific

action(s) against specific defendant(s) so as to support claims against any of the named

defendants for any such failure to intercede on his behalf.

**4.**    ***Failure to Protect***

"Prison officials have a duty to take reasonable steps to protect inmates from physical

abuse."  Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan

1    511 U.S. 825, 833 (1994).

2    To establish a violation of this duty, the prisoner must establish that prison officials were

3    "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer, 511 U.S. at 834.

4    To demonstrate that a prison official was deliberately indifferent to a serious threat to the

5    inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an

6    excessive risk to inmate ... safety; the official must both be aware of facts from which the

7    inference could be drawn that a substantial risk of serious harm exists, and [the official] must

8    also draw the inference."  Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310,

9    1313 (9th Cir. 1995).  However, to prove knowledge of the risk, the prisoner may rely on

10   circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish

11   knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

12   To grant injunctive relief concerning serious risks to the inmate's safety, the court must

13   find that at the time the relief will be granted there is still a serious, present risk to the inmate and

14   that the prison officials are still acting with deliberate indifference to that risk.  Farmer, 511 U.S.

15   at 845-47; see also Helling v. McKinney 509 U.S. 25, 35-36 (1993) (discussing injunctive relief

16   where there is a threat of harm to inmate's health).

17   The Ninth Circuit has held that placing a pre-operative transsexual, who acts and dresses

18   effeminately, in the prison's general population evidenced of deliberate indifference to an

19   inmate's safety.  Farmer, 511 U.S. at 848-49; cf. Redman v. County of San Diego, 942 F.2 1435,

20   1444-45 (9th Cir. 1991)(en banc)(concluding that placing a young pre-trial detainee in a cell with

21   a known aggressive sexual offender was deliberate indifference to the detainee's safety).  The

22   Ninth Circuit has also held that allegations that prison officials called a prisoner a "snitch" in the

23   presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's

24   safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989).  But see also

25   Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994) (rejecting Eighth Amendment

26   claim where prisoner who had been labeled a snitch had not been retaliated against).

27                    **5.    *Conditions of Confinement***

28   Plaintiff alleges conditions in a "holding cell" being given one meal a day, no water for

7

1   drinking or sanitation, no toilet facilities, and the like that, once organized, that will probably

2   amount to a cognizable claim under the Eighth Amendment.  However, as stated, the Court is

3   unable to ascertain which defendant(s) plaintiff feels is responsible for those conditions.

4        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

5   conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v.

6   Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

7   prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

8   personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

9   Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

10  unsafe conditions of confinement, prison officials may be held liable only if they acted with

11  "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124,

12  1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective

13  prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."

14  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298

15  (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

16  health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under

17  the Eighth Amendment for denying humane conditions of confinement only if he knows that

18  inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

19  measures to abate it.  Id. at 837-45.

20        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

21  Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

22  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

23  responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).

24  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

25  confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

26  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

27  society, only those deprivations denying the minimal civilized measure of life's necessities are

28  sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and

8

1  citations omitted).

2      Plaintiff is reminded that his allegations must also indicate whether any defendant actors

3  were deliberately indifferent to a substantial risk of serious harm to plaintiff.  Frost, 152 F.3d at

4  1128.

5            **6.**   ***Due Process – Inmate Appeals Process***

6      The Due Process Clause protects prisoners from being deprived of liberty without due

7  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

8  action for deprivation of due process, a plaintiff must first establish the existence of a liberty

9  interest for which the protection is sought.  "States may under certain circumstances create liberty

10 interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-

11 84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

12 which "imposes atypical and significant hardship on the inmate in relation to the ordinary

13 incidents of prison life."  Sandin, 515 U.S. at 484.

14     "[A prison] grievance procedure is a procedural right only, it does not confer any

15 substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

16 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,

17 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

18 entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.

19 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

20 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

21 requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

22 DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

23 Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under

24 a § 1983 action.  Buckley, 997 F.2d at 495.

25     When a prisoner faces disciplinary charges, prison officials must provide the prisoner

26 with (1) a written statement at least twenty-four hours before the disciplinary hearing that

27 includes the charges, a description of the evidence against the prisoner, and an explanation for

28 the disciplinary action taken; (2) an opportunity to present documentary evidence and call

witnesses, unless calling witnesses would interfere with institutional security; and (3) legal

assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell,

418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985);

Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-

20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a

legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per

curiam) (concluding that prisoners do not have a right to have an independent drug test

performed at their own expense).  The right to call witnesses may legitimately be limited by "the

penological need to provide swift discipline in individual cases . . . [or] by the very real dangers

in prison life which may result from violence or intimidation directed at either other inmates or

staff."  Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525

(9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir.

1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision

by the prison disciplinary board . . . ."  Hill, 472 U.S. at 455; see also Touissaint v. McCarthy,

926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824

F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th

Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrat existence of

liberty interest.)

However, the "some evidence" standard does not apply to original rules violation report

where a prisoner alleges the report is false.  Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

## 7.   *Substantive Due Process*

 "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required

to prove that a challenged government action was clearly arbitrary and unreasonable, having no

substantial relation to the public health, safety, morals, or general welfare.  Where a particular

amendment provides an explicit textual source of constitutional protection against a particular

sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). The Court is unable to discern whether plaintiff might be able to allege any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

### 8.    *Due Process – Property*

Plaintiff appears to allege that, during various transfers, his personal property was taken and/or destroyed.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized. Further, in the event that the deprivation was authorized and therefore actionable under section 1983, plaintiff has not alleged any facts suggesting that he was deprived of due process. Also, plaintiff has failed to link any such conduct to a named defendant. As long as plaintiff was provided with process, prison officials may deprive him of his property.

### 9.    *Equal Protection*

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal

protection claim may be established in two ways.   First, a plaintiff establishes an equal

protection claim by showing that the defendant has intentionally discriminated on the basis of the

plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668,

686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the

defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.

Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

          If the action in question does not involve a suspect classification, a plaintiff may establish

an equal protection claim by showing that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook

v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1

(1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004);

SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal

protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an

identifiable class; (2) the plaintiff was intentionally treated differently from others similarly

situated; and (3) there is no rational basis for the difference in treatment. Village of

Willowbrook, 528 U.S. at 564.   If an equal protection claim is based upon the defendant's

selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement

is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of

Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

                    **10.** *__False Imprisonment__*

          Under California law, false imprisonment is the "'unlawful violation of the personal

liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998)

(quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  False arrest is not a

different tort. Id.  Rather, "'it is merely one way of committing a false imprisonment.'" Id.

"There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest

and unreasonable delay in bringing the arrested person before a judicial officer." Estate of

Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and this action involves no claims to the contrary.  If plaintiff wishes to challenge his imprisonment as illegal, he must do so via a writ of habeas corpus.

### 11.   *Involuntary Servitude & Peonage*

Plaintiff listed in his third claim that his right to be free from involuntary servitude and peonage without just cause had been violated.  Section 1of the Thirteenth Amendment of the United States Constitution provides: "neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States ...."

Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and this action involves no claims to the contrary.  If plaintiff is challenging his imprisonment as illegal, he must do so via a writ of habeas corpus.  If plaintiff is challenging working while in prison, he must do so via allegations of a different constitutional violation.

### 12.   *Conspiracy*

#### (a)   *Section 1983 Conspiracy Claims*

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective

1  of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

2

3        The federal system is one of notice pleading, and the court may not apply a heightened

4  pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of

5  San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307

6  F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

7  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

8  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the

9  grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

10 formulaic recitation of the elements of a cause of action . . . ."  Id. at 1964-65 (internal quotations

11 and citations omitted).  As such, a bare allegation that defendants conspired to violate plaintiff's

12 constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

13                    **(b)      _Section 1985 Conspiracy Claims_**

14        Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state

15 a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any

16 person or class of persons of the equal protection of the laws, (3) an act by one of the

17 conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or

18 deprivation of any right or privilege of a citizen of the United States.  Gillispie v. Civiletti, 629

19 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985

20 applies only where there is a racial or other class-based discriminatory animus behind the

21 conspirators' actions.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

22        In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must

23 allege specific facts to support the allegation that defendants conspired together.  Karim-Panahi

24 v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of conspiracy

25 without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985.  Id.; Sanchez v.

26 City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).  Bare allegation that defendants

27 conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy

28 claim under section 1985.

1

(c)     *Section 1986 Consipracy Claims*

2   "Section 1986 authorizes a remedy against state actors who have negligently failed to

3   prevent a conspiracy that would be actionable under § 1985."  Cerrato v. San Francisco Cmty.

4   Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).  Plaintiff may not pursue a claim for relief

5   under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985.

6   McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).  As discussed in

7   the preceding paragraph, plaintiff's amended complaint does not contain a cognizable claim for

8   relief under section 1985.  Accordingly, plaintiff's amended complaint fails to state a claim for

9   relief under section 1986.

10          **13.     *Supervisory Liability Claim***

11  Under section 1983, liability may not be imposed on supervisory personnel for the actions

12  of their employees under a theory of respondeat superior.  When the named defendant holds a

13  supervisorial position, the causal link between the defendant and the claimed constitutional

14  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

15  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To

16  state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some

17  facts indicating that the defendant either: personally participated in the alleged deprivation of

18  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

19  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

20  and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646

21  (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

22  Although federal pleading standards are broad, some facts must be alleged to support claims

23  under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

24  (1993).

25          As to each defendant in a supervisorial position, plaintiff must allege facts giving rise to

26  a claim for relief under section 1983.  As stated previously, plaintiff lists separately the rights

27  which he believes were violated and then sets forth all of his factual allegations in narrative form.

28  While plaintiff may be able to state cognizable claims for relief against the named defendants in

15

1   supervisorial positions under section 1983, the Court is unable to identify any such claims due to

2   the manner in which plaintiff has organized his original complaint.

3          **D.      State Law Claims**

4          Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

5   jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

6   action within such original jurisdiction that they form part of the same case or controversy under

7   Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §

8   1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

9   discretionary."  <u>Acri v. Varian Assoc.</u>, Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district

10  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

11  the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

12  1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

13  trial, . . . the state claims should be dismissed as well."  <u>United Mine Workers of America v.</u>

14  <u>Gibbs</u>, 383 U.S. 715, 726 (1966).

15         Because plaintiff may be able to state a claims for relief under section 1983, the court

16  reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law

17  claims after plaintiff files his amended complaint so as to allow plaintiff opportunity to state

18  cognizable claims for relief under section 1983.

19  **II.     Conclusion**

20         For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an

21  amended complaint within thirty (30) days.  If plaintiff needs an extension of time to comply

22  with this order, plaintiff shall file a motion seeking an extension of time no later than thirty (30)

23  days from the date of service of this order.

24         Plaintiff must demonstrate in his complaint how the conditions complained of have

25  resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227

26  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

27  involved.  There can be no liability under section 1983 unless there is some affirmative link or

28  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423

1  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

2  F.2d 740, 743 (9th Cir. 1978).

3       Further, plaintiff is advised that Local Rule 15-220 requires that an amended complaint

4  be complete in itself without reference to any prior pleading.  As a  general rule, an amended

5  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

6  Once plaintiff files an amended complaint, the original pleading no longer serves any function in

7  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

8  involvement of each defendant must be sufficiently alleged.

9       Finally, plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See

10  Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the

11  parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness

12  affidavits, etc.) should not be submitted until the course of litigation brings the evidence into

13  question (for example, on a motion for summary judgment, at trial, or when requested by the

14  court).  At this point, the submission of evidence is premature as the plaintiff is only required to

15  state a prima facie claim for relief.  Thus, in amending his complaint, plaintiff should simply

16  state the facts upon which he alleges a defendant has violated his constitutional rights and refrain

17  from submitting exhibits.

18       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19      1.    Plaintiff's complaint is dismissed, with leave to amend;

20      2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

21      3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file

22          an amended complaint; and

23      4.    If plaintiff fails to file an amended complaint in compliance with this order, the

24          court will recommend that this action be dismissed, without prejudice, for failure

25          to obey a court order.

26

27  IT IS SO ORDERED.

28  **Dated:   March 26, 2008**           **/s/ Sandra M. Snyder**

UNITED STATES MAGISTRATE JUDGE